H. Michael Soroy, Esq. (SBN 153944)
Peter C. Ver Halen, Esq. (SBN 41609)
LAW OFFICES OF H. MICHAEL SOROY
11766 Wilshire Boulevard, Suite 460
Los Angeles, California 90025-6537
Telephone: (310) 444-7750
Facsimile: (310) 312-1034
E-mail:    office@soroylaw.com

Attorneys for Defendants

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORIA

| | |
|---|---|
| TRADEMOTION, LLC; and INTELLIGENTZ AUTOMOTIVE CORPORATION d/b/a Trademotion<br><br>Plaintiffs,<br><br>vs.<br><br>MARKETCLIQ, INC., a Delaware corporation; CLIQCMS, LLC., a Florida limited liability company; WEAPONS WORLD, INC., a Delaware corporation; DEALER COMMERCE SOLUTIONS, LLC, a Delaware limited liability company; RUSS ROGERS, an individual; BRIAN CONDLEY, an individual; KEITH WATTS, an individual; and DOES 1 to 20, inclusive<br><br>Defendants | CASE NO. 2:11-cv-03236-PSG-VBK<br><br>Hon. Philip S. Gutierrez<br><br><br><br>**CONFIDENTIALITY AGREEMENT AND STIPULATED PROTECTIVE ORDER** |

This Confidentiality Agreement and stipulated Protective Oorder (collectively as "Agreement") is entered into between Plaintiffs TRADEMOTION, LLC; and INTELLIGENTZ AUTOMOTIVE CORPORATION d/b/a Trademotion (collectively referred to as "Plaintiffs") and their counsel and Defendants MARKETCLIQ, INC., a Delaware corporation; CLIQCMS, LLC., a Florida limited liability company; WEAPONS

1

4. "Counsel" shall also include the staff of said counsel, consultants and necessary persons affiliated or employed by the party.

## GENERAL RULES

1. This Agreement shall govern the use and disclosure of Confidential Documents during this litigation. This Agreement shall remain in effect until specifically modified or terminated by the Parties or by order of the court, provided, however, that all obligations to return, destroy, and/or otherwise maintain Confidential Documents in confidence shall survive this Agreement's termination.

2. For purposes of inspection, Confidential Documents shall be considered as "CONFIDENTIAL – FOR COUNSEL ONLY," and shall be treated as such pursuant to the terms of this Agreement. Thus, any Confidential Documents are to be designated and the documents stamped as "CONFIDENTIAL – FOR COUNSEL ONLY," along with the case number and the designation "For use only in *TradeMotion, LLC., et al v. Marketcliq, Inc., et al.*, pending before the District Court for the Central district of California.

3. Confidential Documents have been designated as "CONFIDENTIAL – FOR COUNSEL ONLY" as there exists a good faith belief that the document contains extremely sensitive commercial information by the parties and their counsel. .

4. Confidential Documents, designated as "CONFIDENTIAL – FOR COUNSEL ONLY," shall be viewed by counsel as defined in Paragraphs 2, 3, and 4 of this Agreement, or by the court in this litigation.

5. Testimony regarding Confidential Documents at a deposition, conference, or hearing in this matter may be designated as "CONFIDENTIAL – FOR COUNSEL ONLY," by making a statement to that effect on the record at the deposition or other proceeding. Arrangements shall be made with the court reporter taking and transcribing such proceeding to separately bind such portions of the transcript containing information designated as "CONFIDENTIAL – FOR COUNSEL ONLY," and to label such portions appropriately. Whenever a deposition taken on behalf of any party involves a reference and/or disclosure of Confidential Documents:

      A.    Said deposition or portions thereof shall be designated as containing confidential information subject to the provisions of this Agreement; such designation shall be made on the record whenever possible, but a party may designate portions of depositions as containing confidential information after transcription of the proceedings; a party shall have until fifteen (15) days after receipt of the deposition transcript to inform the other party or parties to the action of the portions of the transcript designated as "CONFIDENTIAL – FOR COUNSEL ONLY"; and

      B.    The Parties shall have the right to exclude from attendance at said deposition, during the time Confidential Documents are be discussed or disclosed, any person other than the deponent, counsel identified in Paragraphs 2, 3, and 4 of this Agreement, and the court reporter.

6. Confidential Documents, designated as "CONFIDENTIAL – FOR COUNSEL ONLY," shall not be disclosed by the receiving party to anyone other than those persons designated in Paragraphs 2, 3, and 4 of this Agreement, and shall be handled in the manner set forth below. In any event, Confidential Documents shall not be used for any purpose other than in connection with this litigation, unless and until such designation is removed either by agreement of the parties or by order of the court in this litigation.

7. By entering into this Agreement, no party waives or releases any rights to object to discovery on any ground.

8. Before Confidential Documents are to be produced in discovery, in deposition transcripts, or filed with the court for any purpose, the party seeking to include and/or file Confidential Documents shall seek permission of the court to file said material under seal. The parties will follow and abide by applicable law, including California law, with respect to filing documents under seal.

9. If any person or party receives a subpoena, other process, or order to produce Confidential Documents in that person's or party's possession, custody, or control, that person or party will promptly:

      A.    Notify in writing all counsel of record;

      B.    Furnish all counsel of record with a copy of the subpoena, process, or order; and

      C.    Provide reasonable cooperation with respect to a procedure to protect Confidential Documents. If the party seeking to protect Confidential Documents from disclosure makes a motion to quash or modify the subpoena, process, or order, there will be no disclosure until the court has ruled on the motion, and any disclosure must be made in accordance with the ruling.

10. All of the Confidential Documents shall be held in confidence by the individuals identified in Paragraphs 2, 3, and 4 of this Agreement while inspecting and/or receiving it, and shall be used only for purposes of this action. Counsel for each party, and each person receiving Confidential Documents, shall take reasonable precautions to prevent the unauthorized and/or inadvertent disclosure of such information. If Confidential Documents are disclosed to any person other than a person authorized by this Agreement, the party responsible for the unauthorized disclosure must immediately bring all pertinent facts relating to the unauthorized disclosure to the attention of the other parties and, without prejudice to any rights and remedies of the other parties, make every effort to prevent further disclosure by the party and by the person(s) receiving the unauthorized disclosure.

11. No party shall be responsible to another party for disclosure of confidential information under this Agreement if the information in question is not labeled or otherwise identified as such in accordance with this Agreement.

12. If a party, through inadvertence, produces Confidential Documents without labeling or making or otherwise designating it as such in accordance with this Agreement, the designating party may give written notice to the receiving party which received the document inadvertently that the document is deemed confidential, trade secret, and/or otherwise proprietary information and should be treated as such in accordance with that designation under this Agreement. The receiving party must treat the material as confidential, once the designating party so notifies the receiving party. If the receiving party has disclosed the materials before receiving the designation, the receiving party must notify

the designating party in writing of each such disclosure.

13. Production of Confidential Documents shall in no way be deemed as an adoption by any party of the requesting party's conclusions regarding how this information may be utilized by the producing party, or regarding the relevance of this information.

14. Nothing in this Agreement shall prejudice the right of any party to object to the production of any material on the grounds that the material is protected as privileged and/or attorney work product.

15. Nothing in this Agreement shall bar counsel from rendering advice to their clients with respect to this litigation and, in the course thereof, relying upon Confidential Documents, provided that the contents of the information shall not be disclosed in violation of this Agreement.

16. This Agreement shall be without prejudice to the right of any party to oppose production of any information for lack of relevance or any other ground other than the mere presence of confidential information. The existence of this Agreement shall not be used by Plaintiffs or Defendants as a basis for discovery that is otherwise improper under California rules.

17. Nothing herein shall be construed to prevent disclosure of Confidential Documents, if such disclosure is required by law.

18. Upon final termination of this action, including any and all appeals, counsel for the parties upon request of the producing party or its counsel either return the Confidential Documents to the producing party or destroy same.

19. The restrictions and obligations herein shall not be deemed to prohibit discussions regarding Confidential Documents with any party or individual who obtains legitimate possession thereof.

20. Transmission by facsimile or electronic mail is acceptable for all notification purposes herein.

21. This Agreement may be modified by agreement of all parties.

22. Any proposed use of Confidential Documents at trial will be addressed by the

parties and the Court prior to commencement of trial and/or no later than before the intended use of the document at trial.

23. The court may also modify the terms and conditions of this Agreement for good cause, or in the interests of justice, or on its own order, at any time in these proceedings. The parties to this Agreement prefer that the court provide them with notice of its intent to modify this Agreement, and the content of those modifications, prior to the entry of such an order.

Dated: May 18, 2012        LAW OFFICES OF JAMES D. HENDERSON

By: _____
James D. Henderson, Jr.
Attorneys for Plaintiffs

Dated: May 16, 2012        LAW OFFICES OF H. MICHAEL SOROY

By: _____
Peter C. Ver Halen
Attorneys for Defendants

Based upon the foregoing Stipulation of the parties,

IT IS SO ORDERED.

Dated: May 24, 2012        _____
Victor B. Kenton
United States Magistrate Judge

7
CONFIDENTIALITY AGREEMENT AND STIPULATED PROTECTIVE ORDER